In the Matter of FUZZY THURSTON'S LEFT GUARD OF EAU CLAIRE, INC., Debtor.

Edward O. LUEDTKE, James A. Hummert and Peyton Muehlmeier, d/b/a Midway Motor Lodge of Eau Claire, a Wisconsin partnership, Plaintiffs,

v.

FUZZY THURSTON'S LEFT GUARD OF EAU CLAIRE, INC., a Wisconsin corporation, Defendant.

Adv.No. 80–0141.

United States Bankruptcy Court, W. D. Wisconsin.

June 8, 1981.

See also, Bkrtcy., 6 B.R. 955.

Richard Congdon, Schalmo & Congdon, S. C., Brookfield, Wis., for Edward O. Luedtke, James A. Hummert and Peyton Muehlmeier, d/b/a Midway Motor Lodge of Eau Claire, a Wisconsin partnership, plaintiffs.

Roger G. Schnitzler, Van Metre, Hanson, Clarke & Schnitzler, Madison, Wis., for Fuzzy Thurston's Left Guard of Eau Claire, Inc., defendant.

William J. Rameker, Trustee, Madison, Wis.

## OPINION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

Plaintiffs' motion for an order turning over to them as landlords the premises leased by the debtor for the operation of its restaurant business was duly served on the debtor and was heard on June 3, 1981. William J. Rameker, a trustee appointed in this case on April 6, 1981, who has since that date been duly qualified and acting herein, was also served and appeared at the hearing.

Plaintiffs seek turnover on the basis of violations of the terms of the lease dated September 27, 1977, between the plaintiffs and the debtor and the breach of a subsequent stipulation entered June 11, 1980, between the plaintiffs and the debtor as a debtor-in-possession. The stipulation set out certain conditions for the assumption of the lease and was by its terms made a part of the lease. Although there was some conflicting testimony, there was no genuine dispute that the terms of the lease and the stipulation had not been fully complied with by the debtor as a debtor-in-possession nor by the debtor during the period of the trustee's administration. By its terms the stipulation provides immediate surrender of possession upon defaults such as those admitted in this case. Were the debtor still in possession, the case would be easily disposed of and turnover ordered.

The trustee was appointed in this case upon a showing that the debtor-in-possession had failed to discharge its duties in the management of the business in reorganization. The debtor's misfeasance and malfeasance was detailed. By their motion, plaintiffs now seek to hold the trustee to the terms of an agreement to assume an unexpired lease which was entered into by the debtor whose faults in management the trustee was appointed to correct.

11 U.S.C. § 365 provides for the assumption of unexpired leases by the trustee. Section 365(d)(2) provides that the trustee in a chapter 11 case "may assume or reject an executory contract or unexpired lease of the debtor at any time before the confirmation of a plan, but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease." There has neither been a plan confirmed in this case nor has any party in interest requested that a time be specified within which the trustee must assume or reject the lease. Plaintiffs appear to assume that assumption by the debtor-in-possession pursuant to the June 11, 1980, stipulation is controlling upon the trustee. I find no support for that argument in either the language of the Bankruptcy Code or in the consideration of the practical effect such a reasoning would have upon trustee's management of debtor's business for the benefit of creditors.

Nor can it be reasoned that the trustee would necessarily be bound by terms of assumption similar to those agreed to between a landlord and a debtor-in-possession. The language of 11 U.S.C. § 365(b) providing for the cures, compensation and assurances required for the assumption of an unexpired lease reflect a concern for the circumstances at the time the authority for assumption is sought. Where a trustee is appointed as a successor to a debtor-in-possession, the assumption of the debtor's contracts and unexpired leases must surely reflect any changes in circumstances during the debtor-in-possession's administration of the case.

Upon the foregoing which constitute my findings of fact and conclusions of law herein, the motion for turnover is denied.